

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MER:TDK
F.#2009R00052

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

February 18, 2009

**VIA HAND and ECF**

Len Kamdang, Esq.
Federal Defenders
1 Pierrepont Street, 16th Floor
Brooklyn, New York 11201

Re:  United States v. Rasheed Freeman
      Criminal Docket No. 09-040 (SLT)

Dear Mr. Kamdang:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, please find enclosed with this letter discovery in the above-referenced matter.  Please also consider this letter to be the government's request for reciprocal discovery.

1.    Statements of the Defendant

Enclosed are copies of statements made by or reflecting information provided by the defendant, including a U.S. Marshals Form 312 containing pedigree information as well as a U.S. Marshals Prisoner Medical Records Release Form upon which defendant signed his name.  These documents are Bates-numbered 1 to 6.  At this time, the government is not aware of any other statements the defendant made to law enforcement officers.

2.    Prior Criminal History

Enclosed please find a copy of the defendant's criminal history report, Bates-numbered 7 to 14.  Also enclosed is a mugshot profile of the defendant taken after his arrest on January 9, 2009, Bates-numbered 15.

3.    Documents and Tangible Objects

Enclosed are two CDs, labeled TD Bank ATM and TD Bank Teller Line, containing surveillance camera still images and video captured on January 9, 2009 at the TD Savings Bank at 188-10 Hillside Avenue, Queens, New York.  Please also find enclosed

a third CD containing photographs of above-mentioned bank and surrounding area, and of the clothing and U.S. currency recovered in the vicinity where the defendant was arrested.  Also enclosed is a form from New York Downtown Hospital that pertains to the medical treatment the defendant received on January 9, 2009, which is Bates-numbered 16 to 17.

The government is also in possession of several tangible items, including: assorted bills in U.S. currency; one plastic bag; one black hooded sweatshirt; one blue zippered jacket; one black hat; one black coat; one white T-shirt; one long-sleeved shirt; and grey sweat pants.  You may call me to arrange a mutually convenient time to inspect and/or photograph these items.

4.   Identification of the Defendant

On January 9, 2009, following the defendant's arrest, a witness known to the United States Attorney's Office positively identified the defendant at 197 Street and Carpenter Avenue in Queens, New York.

5.   Reports of Examinations and Tests

The government will provide you with copies of reports of any examinations or tests conducted in connection with this case as they become available.

6.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

7.   Brady Materials

The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963).

The government will furnish the defense before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).  The government will furnish before trial information or material regarding any prior convictions of any co-conspirator,

accomplice or informant who may testify at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.\

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby demands written notice, to be served within ten days of this demand, if the defendant intends to offer a defense of

3

alibi.  The written notice shall state the specific place or
places at which the defendant claims to have been at the time of
the alleged offense, and the names and addresses of the witnesses
upon whom the defendant intends to rely to establish such alibi.
The offense took place at the location, date, and time specified
in the Complaint and the Indictment.

        If you have any further questions or requests, please
do not hesitate to contact me.  The government will supplement
this letter as appropriate.


                                Very truly yours,

                                BENTON J. CAMPBELL
                                United States Attorney


                        By:  ____/s_____
                                Todd Kaminsky
                                Assistant United States Attorney
                                (718) 254-6367

Enclosures

CC:  Clerk of Court (SLT) (w/o enclosures)

4