UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

      CASE NO.: 09 CR 040/SLT

RASHEED FREEMAN, et. al.,

      Defendant.

_____/

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

NOW COMES the Defendant, RASHEED FREEMAN, by his attorney, KAFAHNI NKRUMAH, Esq., and respectfully moves this Honorable Court to suppress all things seized pursuant to an illegal seizure of defendant which occurred on January 9, 2009, and more particularly, a black bag with money covered by red dye found therein, as a result of the illegal search and seizure made without a warrant, or on any other pretext or authority upon the following grounds:

I.    FACTS

On January 9, 2009 Mr. Rasheed Freeman was walking briskly down Carpenter Blvd., in Queens, New York, towards his home when he was approached by an unmarked, New York City Police Department (NYPD), vehicle. As the officers approached Mr. Freeman, they shined their strobe light on Mr. Freeman as he continued to walk down the street. During this interaction, the officer spoke to Mr. Freeman, asking him where he was coming from. When he did not answer, the officers continued to drive alongside him as he continued walking towards his home.

Mr. Freeman continued walking briskly down Carpenter Blvd. ignoring the officers. The officers drove ahead of him and attempted to cut off his path with their vehicle as Mr. Freeman approached the corner of Carpenter and Hiawatha streets. Mr. Freeman avoided being struck by the officers vehicle by attempting to cross Carpenter St., when the officers jumped out of their car and tackled Mr. Freeman, knocking him to the ground. According to Special Agent Barbara Daly of the F.B.I., Mr. Freeman had on his person a black plastic bag that contained money stained with red dye.

Using unnecessary force to restrain and handcuff Mr. Freeman, the officers called for back-up. Shortly after being seized a number of police vehicles responded to the area. During the restraint of Mr. Freeman, he sustained a gash to his forehead which eventually required stitches. Several police vehicles marked and unmarked responded to the scene, including an Emergency Services unit van, as well as a police dog. Mr. Freeman was seated in front of a residence on Carpenter St., handcuffed, for approximately one and one-half hours, without medical care, while the officers processed the scene.

Mr. Freeman was eventually taken to the police precinct, where he was finally treated by medical personnel and then transported to the hospital for medical care.

II. ARGUMENT

The Fourth Amendment protects citizens "against unreasonable searches and seizures." U.S. Const., amend. IV. What is reasonable depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself. United States v. Montoya de Hernandez, 473 U.S. 531, 537 (1985); United States v. Elmore, 482 F.3d 172, 178 (2nd Cir. 2007).

Under Terry v. Ohio, 392 U.S. 1 (1968), "the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion … that criminal activity 'may be afoot,' even if the officer lacks probable cause." United States v. Swindle, 407 F.3d 562, 566 (2nd Cir. 2005). Reasonable suspicion requires more than an "inchoate and unparticularized suspicion or hunch." Elmore, 482 F.3d at 178. The police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. Terry, 392 U.S. at 27.

A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. United States v. Mendenhall, 446 U.S. 544, 554 (1980). A seizure has occurred when the officer, by means of physical force or show or authority, has in some way restrained the liberty of a citizen. Gardiner v. Inc. Eill. Of Endicott, 50 F.3d 151, 155 (2nd Cir. 1995). Factors which might suggest a seizure therefore include: the threatening presence of several officers; the display of a weapon; physical touching of the person by the officer; language or tone indicating that compliance with the officer was compulsory; prolonged retention of a person's personal effects … . Mendenhall, 446 U. S. at 554; United States v. Moreno, 897 F.2d 26, 30 (2nd Cir. 1990).

In this case it is clear that the officers who stopped Mr. Freeman did not possess reasonable suspicion to stop him. According to Special Agent Barbara Daly, Mr. Freeman was spotted by officers in an unmarked patrol vehicle walking on Carpenter Ave in Queens, NY. According to Special Agent Daly, Mr. Freeman was approximately a mile away from the bank which had been robbed approximately 35 minutes before the officers spotted Mr. Freeman.

The officers drove along side Mr. Freeman, shining their spotlight on him the entire time, and spoke to Mr. Freeman asking him where he was coming from. Mr. Freeman continued to walk, ignoring the officers in the vehicle, and was seized by the officers using their vehicle and eventually tackling him to the ground.

These officers' did not possess any credible facts, up to the point of their seizure of Mr. Freeman, to believe that Mr. Freeman had been involved in criminal activity, was currently involved in criminal activity at the time in which the officer saw him; or was about to engage in criminal activity. See Terry, 392 U.S. at 21-22 and United States v. Bellamy, 592 F.Supp.2d 308, 315 (E.D.N.Y. 2009)(… To determine whether there was reasonable suspicion for a Terry stop , the court must first determine the precise moment that the Terry stop was executed by the officers, …, the facts available to the officer at the moment of the seizure….).

An individual approached by an officer who has no reasonable suspicion of wrongdoing may ignore the officer and go about his business without triggering reasonable suspicion. United States v. Muhammad, 463 F.3d 115 (2nd Cir. 2006); United States v. Simmons, 560 F.3d 98, (2nd Cir. 2009).

Because in this case, reasonable suspicion of any wrongdoing by Mr. Freeman did not exist, the seizure of Mr. Freeman was illegal and all evidence derived from that illegal seizure, and the fruits thereof, must be suppressed.

WHEREFORE, the Defendant respectfully moves this Honorable Court for an order suppressing from use as evidence against the Defendant in this or any other proceeding the evidence seized pursuant to the illegal search and seizure of defendant on January 9, 2009.

Respectfully submitted,

___/s/  Kafahni Nkrumah_____,
KAFAHNI NKRUMAH, Esq.
Attorney for Mr. Freeman

Dated:  June 1, 2009