UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                             CASE NO.: 09 CR 040/SLT

RASHEED FREEMAN, et. al.,

       Defendant.
_____/

## DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE

NOW COMES the defendant, RASHEED FREEMAN, through his undersigned counsel, Kafahni Nkrumah, Esq., and respectfully moves this Honorable Court for an order suppressing from use as evidence at trial all identification evidence; including, but not limited to the show-up identification of defendant on January 9, 2009 on Carpenter Street, Queens, NY, and any fruits of that identification; defendant also makes a Request for an Evidentiary Hearing.

A.    FACTS

On January 9, 2009 Mr. Rasheed Freeman was walking briskly down Carpenter Blvd., in Queens, New York, towards his home when he was approached by an unmarked, New York City Police Department (NYPD), vehicle. As the officers approached Mr. Freeman, they shined their strobe light on Mr. Freeman as he continued to walk down the street. During this interaction, the officer spoke to Mr. Freeman, asking him where he was coming from. When he did not answer, the officers continued to drive alongside him as he continued walking towards his home.

Mr. Freeman continued walking briskly down Carpenter Blvd. ignoring the officers. The officers drove ahead of him and attempted to cut off his path with their vehicle as Mr. Freeman

approached the corner of Carpenter and Hiawatha streets.  Mr. Freeman avoided being struck by the officers vehicle by attempting to cross Carpenter St., when the officers jumped out of their car and tackled Mr. Freeman, knocking him to the ground.  According to Special Agent Barbara Daly of the F.B.I., Mr. Freeman had on his person a black plastic bag that contained money stained with red dye.

Using unnecessary force to restrain and handcuff Mr. Freeman, the officers called for back-up.  Shortly after being seized a number of police vehicles responded to the area.  During the restraint of Mr. Freeman, he sustained a gash to his forehead which eventually required stitches.  Several police vehicles marked and unmarked responded to the scene, including an Emergency Services unit van, as well as a police dog.  Mr. Freeman was seated in front of a residence on Carpenter St., handcuffed, for approximately one and one-half hours, without medical care, while the officers processed the scene.

Mr. Freeman was eventually taken to the police precinct, where he was finally treated by medical personnel and then transported to the hospital for medical care.

B.      AUTHORITY

An in-court identification of a defendant is excludable if tainted by a pre-accusatorial identification procedure that was so "unnecessarily suggestive and conducive to irreparable mistaken identification that {the defendant] was denied due process of law." United States v. Bautista, 23 F.3d 726, 729 (2nd Cir. 1994).  See also Brisco v. Phillips, 376 F.Supp.2d 306, 312 (E.D.N.Y. 2005)( it has long been clearly established by the Supreme Court that a criminal defendant has the right under the Due Process Clause of the Constitution not to be subjected to suggestive police identification procedures that create a "very substantial likelihood of irreparable misidentification).

The touchstone to the admissibility of an in-court identification is "reliability" of the witness' identification. And,

> [t]he factors to be considered … include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

Manson v. Brathwaite, 97 S.Ct. 2243, 2253 (1977), citing Neil v. Biggers, 409 U.S. 188, (3 S.Ct. 375, 382 (1972); See also United States v. Ruiz, 2006 WL 3450157 (C.A. (N.Y.))

The Second Circuit in Raheem v. Kelly, 257 F.3d 122 (2nd Cir. 2001) outlined how a Court determines whether an out of court identification is admissible:

> First, the court must determine 'whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator. If the procedures were not suggestive, the identification evidence presents no due process obstacle to admissibility, no further inquiry by the court is required, and "the reliability of properly admitted eyewitness identification, like the credibility of the other parts of the prosecution's case is a matter for the jury. If the court finds, however that the procedures were suggestive, it must then determine whether the identification was nonetheless independently reliable. In sum, the identification evidence will be admissible if (a) the procedures were not suggestive or (b) the identification has independent reliability.

Id. at 133-134; *see also* King v. Phillips, 2009 WL 891763 (E.D.N.Y. 2009).

In this case, it is clear that the procedures used in the show-up identification of Mr. Rahman on Carpenter St., was impermissibly suggestive. The witness was driven to 197th Street and Carpenter Avenue in Queens, New York where the witness was asked to view the defendant, who was the only individual handcuffed and surrounded by uniformed and plain clothes officers on a residential street that was not heavily travelled because it was cordon off by the officers.

The identification of Mr. Freeman is similar to the identification in Briscoe v. Phillips. In that case Mr. Briscoe, was taken from his home to the home of the burglary victim, and told to hold a pair of shorts outside the victims' home. The victim was bought to the window of the

3

home, told to look out the window and asked if she recognized anyone. At the time of Mr. Briscoe's identification by the alleged victim, he was the only person on the street and was in close proximity to three uniformed officers as well as three police vehicles behind Mr. Briscoe on the street.

Here, the procedure was even more suggestive than the identification in Briscoe v. Phillips. Mr. Freeman, like Mr. Briscoe, was the only person in the street, surrounded by a number of police officers, with police cars and an Emergency Services Van on the street in front of him, at the time of the show-up identification. What makes Mr. Freeman's identification more suggestive than the identification of Mr. Briscoe, was the sheer volume of police activity around Mr. Freeman while he is the only civilian, within the mass of officers, handcuffed and in police custody when the identification was made. Furthermore, there were no exigencies creating a need to use this type of procedure, the robbery of the bank, which was approximately a mile away from the area where Mr. Freeman was being restrained, occurred approximately an hour before the identification was made.

The reliability of an in-court identification is determined by weighing the degree of suggestiveness of the pretrial procedures against factors suggesting that the in-court identification may be independently reliable rather than the product of the earlier suggestive procedures. United States v. Salameh, 152 F.3d 88, 126 (2nd Cir. 1998). See also, United States v. Wong, 40 F.3d 1347, 1359 (2nd Cir. 1994). Examples of especially suggestive showups generally include instances where the suspect is unnecessarily singled out by police action. See Wray v. Johnson, 202 F.3d 515, 520-21 (2nd Cir. 2000)(confirming that the showup identification of a suspect matching the description of having a black hat and long black coat while in a jail cell was improperly suggestive); United States v. Mohammed, 27 F.3d 815, 821 (2nd Cir. 1994)

4

(finding a showup suggestive where the witness identified the gun used in the crime and then the defendant , who at the time was handcuffed in the back seat of a police car).

This initial identification "taints" any subsequent identification made by the witness … . See, United States v. Foppe, 993 F.2d 1444 (9th Cir. 1993).  In Foppe, the Ninth Circuit held that an in-court identification subsequent to a Fourth Amendment violation must be suppressed if any one of the following elements were derived from the violation:

> (1) the witness' presence at trial; (2) the ability of the witness to identify the defendant as the perpetrator of the crime; and (3) the presence of the defendant in the courtroom. (citations omitted).

Id at 1450.  Here, it is clear that the the pre-accusatorial identification procedures were unnecessarily suggestive.  The determination remains as to whether the identifications were reliable under the factors in Manson v. Brathwaite.  This determination can only be made after an evidentiary hearing.

                                                   Respectfully submitted,

                                                   ___/s/  Kafahni Nkrumah_____,
                                                   KAFAHNI NKRUMAH, Esq.
                                                   Attorney for Mr. Freeman

Dated:  June 1, 2009